**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                      :
NEW JERSEY REGIONAL COUNCIL           :   CIVIL ACTION NO. 08-4952 (MLC)
OF CARPENTERS,                        :
                                      :        MEMORANDUM OPINION
        Petitioner,                   :
                                      :
        v.                            :
                                      :
PATOCK CONSTRUCTION CO.,              :
                                      :
        Respondent.                   :
                                      :
```

**COOPER, District Judge**

Petitioner, New Jersey Regional Council of Carpenters ("petitioner"), filed a petition requesting that this Court (1) confirm the arbitration awards issued in <u>New Jersey Regional Council of Carpenters v. Patock Construction Co.</u>, No. 183000022706 (Pierson, Arb.) on April 29, 2007 ("4-29-07 Opinion and Award") and July 12, 2008 ("7-12-08 Remedial Award" and, with the 4-29-07 Opinion and Award, "Arbitration Awards"), and (2) enter judgment in its favor and against respondent, Patock Construction Co. ("Patock"), in the amount of $81,329.12.  (Dkt. entry no. 1, Pet. to Confirm Arb. Award.)  Petitioner also moves for an order confirming the Arbitration Awards.  (Dkt. entry no. 5, Mot. to Confirm.)  Patock opposes confirmation of the Arbitration Awards and cross-moves to vacate the Arbitration Awards.  (Dkt. entry no. 8, Cross Mot. to Vacate.)  Petitioner opposes the cross motion.  (Dkt. entry no. 9, Pet'r Resp.)  The

Court determines the motion and cross motion on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). The Court, for the reasons stated herein, will (1) grant the motion to confirm, (2) deny the cross motion to vacate, and (3) confirm the Arbitration Awards.

## BACKGROUND

Petitioner is a labor organization.  (Pet. to Confirm Arb. Award at 1.)  Patock is a New Jersey corporation.  (Dkt. entry no. 8, Patock Br. at 2.)  On or about August 23, 2004, Patock executed a Short Form Agreement with petitioner that incorporated by reference a collective bargaining agreement between the New Jersey Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America and the Building Contractors Association of New Jersey ("CBA").  (Id.; dkt. entry no. 2, Pet'r Br. at 2.)  Article XIX of the CBA contains a provision which states

> The Employer will not subcontract any work within the jurisdiction of the Union which is to be performed at the job site except to a contractor who holds an agreement with the United Brotherhood of Carpenters and Joiners of America or one of its subordinate bodies having jurisdiction at the job site, or who agrees in writing, prior to or at the time of the execution of his subcontract, to be bound by the terms of this Agreement.

(Dkt. entry no. 8, Decl. Steven E. Brawer, Ex. A, Agreement at 15.)  The CBA further provides that "[i]f the parties are unable to affect an amicable settlement or adjustment of any grievance

or controversy, such grievance or controversy shall be submitted to binding arbitration." (Id. at 14.)  The effective dates of the CBA were May 1, 2002 through April 30, 2007.  (Id. at 32.)

Patock, in 2005, contracted with Gilbert Street Associates, LLC ("Gilbert Street") to construct a small professional office building at 21 Gilbert Street, Tinton Falls, New Jersey ("the Project").  (Patock Br. at 2-3; Pet'r Br. at 3.)  Frank J. Patock ("Mr. Patock"), the owner of Patock, is one of three principals in Gilbert Street.  (Patock Br. at 2; Pet'r Br. at 3.)  Patock was the general contractor on the Project.  (Patock Br. at 3; Pet'r Br. at 3.)

Patock solicited bids for the carpentry and framing work on the Project.  (Patock Br. at 3.)  Gilbert Street wanted to use Bricon International, Inc. ("Bricon"), the lowest bidder, for the carpentry and framing work.  (Id.)  Bricon was not a signatory to the CBA.  (Id.; Pet'r Br. at 3.)  Mr. Patock advised Gilbert Street that Patock could not subcontract with Bricon because of the CBA.  (Patock Br. at 3.)  Gilbert Street then contracted directly with Bricon to perform the carpentry and framing work on the Project.  (Id. at 3-4.)  Petitioner learned that Bricon was working on the Project and brought a grievance against Patock under the CBA, asserting that Patock violated Article XIX of the CBA by subcontracting work to a non-signatory contractor.  (Id. at 4; Pet'r Br. at 3.)

3

The parties, in accordance with the CBA, submitted the grievance to arbitration. (Patock Br. at 4-5). Arbitrator Pierson ("the Arbitrator") conducted a hearing on November 28, 2006. (Id. at 5.) The Arbitrator issued the 4-29-07 Opinion and Award in favor of petitioner, concluding that Patock violated Article XIX of the CBA by subcontracting work on the Project to a non-signatory contractor, and Patock was liable to petitioner for lost work opportunities on the Project for work performed by Bricon. (Decl. Steven E. Brawer, Ex. E, 4-29-07 Op. & Award at 21.) The Arbitrator allowed petitioner time to conduct discovery to determine the amount Patock owed in lost work opportunities. (Id.) On May 8, 2008, the Arbitrator held another hearing. (Patock Br. at 6.) The Arbitrator then issued the 7-12-08 Remedial Award in which he determined that Patock was liable to petitioner for $52,470.40 in lost wages and $28,858.72 in lost benefit contributions. (Decl. Steven E. Brawer, Ex. G, 7-12-08 Remedial Award at 5.) Patock did not comply with the Arbitration Awards. (Pet'r Br. at 5.) Petitioner now moves to confirm the Arbitration Awards. (Mot. to Confirm.) Patock cross-moves to vacate the Arbitration Awards. (Cross Mot. to Vacate.) Both the motion to confirm and the cross motion to vacate are opposed. (See Patock Br.; Pet'r Resp.)

**DISCUSSION**

**I.   Legal Standards**

The Federal Arbitration Act, 9 U.S.C. § ("Section") 1, et seq., states that contract provisions requiring arbitration are valid and enforceable.  See 9 U.S.C. § 2.  Once an arbitrator reaches a decision in a matter, Section 9 permits district courts to confirm the arbitration award as a final judgment.  Id. § 9; see also N.J. Bldg. Laborers Statewide Benefit Funds v. Thomas Fireproofing, Inc., No. 06-1034, 2006 WL 1228726, at *2 (D.N.J. May 5, 2006).  Specifically, Section 9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

A district court may vacate an arbitration award upon application by either party if (1) it was procured by corruption, fraud, or undue means, (2) there was "evident partiality or corruption" with respect to the arbitrator, (3) the arbitrator committed misconduct by refusing to postpone the hearing, refusing to hear pertinent and material evidence, or otherwise committing misbehavior that prejudiced the rights of a party, or (4) the arbitrator exceeded his or her powers or failed to reach

"a mutual, final, and definite award". Id. § 10(a). A district court, however, has very limited authority to vacate an arbitration award, and cannot overrule an arbitrator simply because the court disagrees with the arbitrator's construction of the contract at issue. United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir. 1995); see also Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003) (stating that a district court may vacate an arbitration award "only under exceedingly narrow circumstances"). An arbitration award must be enforced as long as the arbitrator arguably construed or applied the contract, and even if the arbitrator has committed a serious error. Suburban Transit, 51 F.3d at 379. "[T]here must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." Id. (quotation and citation omitted).

An arbitration award based on construction of a collective bargaining agreement cannot be vacated if the award "draws its essence" from the collective bargaining agreement. Id.; Eichleay Corp. v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, 944 F.2d 1047, 1056 (3d Cir. 1991) (noting that an award can be vacated only if it does not draw its essence from the collective bargaining agreement at issue). An arbitration award "draws its essence" from a collective bargaining agreement if the arbitrator's interpretation "can in any rational way be derived

6

from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 241 (3d Cir. 2005) (quotation and citation omitted)(emphasis omitted); see also Suburban Transit, 51 F.3d at 379-80.  Thus, a district court can only disrupt an arbitrator's award if the arbitrator acted with manifest disregard for the law, or the record before the arbitrator reveals absolutely no support for the arbitrator's determination.  Suburban Transit Corp., 51 F.3d at 380; see also Brentwood Med. Assocs., 396 F.3d at 241.  A district court may not correct legal or factual errors made by an arbitrator. Brentwood Med. Assocs., 396 F.3d at 240; see also News Am. Publ'ns, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990).

**II.   Legal Standards Applied Here**

    **A.    The Parties' Contentions**

Petitioner moves to confirm the Arbitration Awards in light of the Court's narrow scope of judicial review and because the Arbitration Awards drew their essence from the CBA.  (Pet'r Br. at 13-19.)  Petitioner argues that the CBA prohibits a signatory contractor from subcontracting work to a non-signatory contractor, and the Arbitrator found that Patock subcontracted with non-signatory contractor Bricon for work on the Project. (Id. at 19; Pet'r Resp. at 2-4.)  Thus, petitioner asserts, the

7

Arbitration Awards drew their essence from the CBA. (Pet'r Br. at 17-19.) Further, petitioner argues that the Arbitrator's finding that Patock subcontracted with Bricon is supported by the record. (Pet'r Resp. at 4.)

Patock cross-moves to vacate the Arbitration Awards because (1) they do not draw their essence from the CBA, (2) they are in manifest disregard of the law and the evidence, and (3) the 7-12-08 Remedial Award was untimely rendered. (Patock Br. at 8-15; dkt. entry no. 11, Patock Reply Br. at 6-7.) Patock argues that the Arbitrator erred in holding Patock liable for actions taken by Gilbert Street, specifically Gilbert Street's contracting with Bricon. (Patock Br. at 9.) Patock asserts that it did not subcontract with Bricon, and thus, did not violate the CBA. (Id. at 10.) Patock also contends that there is no support in the record for the Arbitrator's determination that Patock subcontracted with Bricon. (Id. at 11.) Patock asserts that the 7-12-08 Remedial Award should be vacated because petitioner failed to prove the amount of its actual damages. (Id. at 12-13.) Further, Patock argues that the 7-12-08 Remedial Award should be vacated because the Arbitrator rendered his decision outside of the time limits provided in the CBA. (Id. at 14-15.)

**B.   The Arbitrator's Awards Were Supported by the Record**

The Arbitrator held a hearing on November 28, 2006 in which Thomas Yochim, a council representative for petitioner, and Mr.

Patock testified.  (4-29-07 Op. & Award at 1, 7.)  After hearing the testimony, the Arbitrator determined that, despite the form of the agreement, Patock, in substance, subcontracted with Bricon for work on the Project, thus violating Article XIX of the CBA.  (Id. at 18-19.)  This determination by the Arbitrator is supported by the record.  Mr. Patock testified that Patock served as the general contractor on the Project, secured the building permits, supervised the work, and negotiated twenty to thirty subcontracts for work on the Project.  (Id. at 17-18; Decl. Steven E. Brawer, Ex. D, 11-28-06 Hr'g Tr. at 118-20.)  The only subcontractor, other than those hired to do interior finish work, that Patock did not directly contract with was Bricon.  (4-29-07 Op. & Award at 18; 11-28-06 Hr'g Tr. at 119-20.)  Mr. Patock knew that Patock could not directly subcontract with Bricon because of Article XIX of the CBA.  (4-29-07 Op. & Award at 18; 11-28-06 Hr'g Tr. at 91-92, 121.)  To circumvent Article XIX, Gilbert Street, rather than Patock, contracted with Bricon.  (4-29-07 Op. & Award at 18; 11-28-06 Hr'g Tr. at 91-92, 122.)  Patock, however, controlled and supervised Bricon's work.  (4-29-07 Op. & Award at 18-19; 11-28-06 Hr'g Tr. at 107.)  Thus, the Court finds that the record supports the Arbitrator's determination that, despite the form of the agreement, Patock subcontracted with a non-signatory subcontractor, thereby violating Article XIX of the CBA.

The Court also finds that the Arbitrator's determination of damages is supported by the record. Here, the Arbitrator concluded that Patock was liable to petitioner for lost work opportunities on the Project. (4-29-07 Op. & Award at 19-20.) At the May 8, 2008 hearing, Thomas Bucco, a council representative for petitioner, testified that union carpenters were available for assignment from the hiring hall out-of-work list to supply labor on the Project. (7-12-08 Remedial Award at 4; Decl. Steven E. Brawer, Ex. F, 5-8-08 Hr'g Tr. at 54-57.) Also, Mr. Patock had testified that Bricon had two to four carpenters working on the Project for three to four months. (7-12-08 Remedial Award at 3; 11-28-06 Hr'g Tr. at 124.) Thus, the Court finds that the record supports the Arbitrator's determination that petitioner sustained damages due to Patock's violation of the CBA and the calculation of damages. See Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO v. Owens-Illinois, Inc., 758 F.Supp. 962, 974 (D.N.J. 1991) (stating that arbitrators have broad discretion to fashion a remedy, so long as the remedy draws its essence from CBA), aff'd, 941 F.2d 1201 (3d Cir. 1991); see also Swepco Tube LLC v. Local 427, IUE-CWA, AFL-CIO, No. 07-767, 2008 WL 746670, at *5 (D.N.J. Mar. 18, 2008) (acknowledging arbitrator's wide latitude in fashioning an appropriate remedy).

The Court must enforce an arbitration award as long as the arbitrator arguably construed or applied the contract, even if the arbitrator committed a serious error. Suburban Transit Corp., 51 F.3d at 379. Here, the CBA prohibits a signatory contractor from subcontracting work to a non-signatory subcontractor. (Agreement at 15.) By executing the Short Form Agreement, Patock agreed to the terms of the CBA. (See Decl. Steven E. Brawer, Ex. B, Short Form Agreement.) The Arbitrator found that Patock did subcontract with Bricon, a non-signatory subcontractor, for work on the Project. (See 4-29-07 Op. & Award at 18-19.) Accordingly, the Arbitrator's conclusion that Patock breached the CBA can be rationally derived from its language, as well as its context. See Suburban Transit Corp., 51 F.3d at 380. Therefore, the Court finds that the Arbitration Awards drew their essence from the CBA and are supported by the record. See id.; Eichleay Corp, 944 F.2d at 1056.

### C. Patock Has Not Demonstrated a Sufficient Basis for Vacating the Arbitrator's Awards

Patock contends that the Arbitrator exceeded his powers by issuing the 7-12-08 Remedial Award outside of the time limits set in the CBA. (See Patock Br. at 1, 14-15.) See 9 U.S.C. § 10(a). The CBA states that the "Arbitrator shall render a decision in writing within ten (10) days after the close of an arbitration proceeding." (Agreement at 15.) Further, the CBA adopts the rules of the American Arbitration Association ("AAA"), which

11

state that an arbitration award is to be rendered "no later than 30 days from the date of closing the hearings." (Id. at 14; Decl. Steven E. Brawer, Ex. I, AAA Labor Arbitration Rules at 8.) The AAA closed this hearing record as of June 10, 2008. (Decl. Steven E. Brawer, Ex. H, 6-13-08 Letter.) Here, the Arbitrator issued the 7-12-08 Remedial Award on July 12, 2008. (See 7-12-08 Remedial Award.) The 7-12-08 Remedial Award, therefore, was issued outside of the CBA's ten-day time limit and the AAA's thirty-day time limit. (See Agreement at 15; AAA Labor Arbitration Rules at 8.) Thus, Patock asserts the 7-12-08 Remedial Award is void ab initio. (See Patock Br. at 14-15.)

An arbitrator's award is not per se void because it was rendered outside the time limits stated in the collective bargaining agreement. See Local Union 560, Int'l Bhd. of Teamsters v. Anchor Motor Freight, Inc., 415 F.2d 220, 225-26 (3d Cir. 1969); Local 272, Int'l Bhd. of Elec. Workers, AFL-CIO v. Pa. Power Co., 645 F.Supp. 138, 139-40 (W.D. Pa. 1986). Rather, "if the parties intend to provide for the automatic invalidation of a late award they must say so in unequivocal language." Anchor Motor Freight, 415 F.2d at 226; see also Local 272, 645 F.Supp. at 139; United Steelworkers of Am., Local 8249 v. Adbill Mgmt. Corp., No. 83-87, 1984 WL 73, at *3 (D.V.I. Jan. 25, 1984). Absent such language, the arbitrator's authority will expire after a reasonable time beyond the original fixed period. Anchor

Motor Freight, 415 F.2d at 226; see also Local 272, 645 F.Supp. at 139; Adbill Mgmt. Corp., 1984 WL 73, at *3.

The Arbitrator issued the 7-12-08 Remedial Award twenty-two days late under the CBA and two days late under the AAA rules. (See Agreement at 15; AAA Labor Arbitration Rules at 8; see also Patock Br. at 14.)  The CBA does not expressly provide that a late award is automatically invalid.  (See Agreement.)  Thus, the 7-12-08 Remedial Award is not automatically void because it was rendered outside the fixed time limits.  See Anchor Motor Freight, 415 F.2d at 226.  Further, the Court finds that the 7-12-08 Remedial Award was issued within a reasonable time after the expiration of the original fixed time period.  See id. at 222, 224-26 (finding arbitrator's award rendered within a reasonable time where award was issued over seven months after expiration of the deadline fixed by the agreement); Local 272, 645 F.Supp. at 139 (concluding that arbitrator's award, rendered five days after the time limit specified in the collective bargaining agreement, was issued within a reasonable time). Thus, the Court concludes that the Arbitrator did not exceed his authority by issuing the 7-12-08 Remedial Award after the time limit set in the CBA and AAA rules.

None of the other grounds for vacating an arbitration award set forth in Section 10 apply here.  Patock does not allege that any fraud or corruption occurred in connection with the

arbitration proceedings, the Arbitrator was biased, or the Arbitrator committed misconduct that caused prejudice. (See Patock Br; Patock Reply Br.) See 9 U.S.C. § 10(a). Since Patock has not proven sufficient grounds for vacating the Arbitration Awards, the Court must confirm the Arbitration Awards. See 9 U.S.C. § 9 (mandating that a district court "must grant such an order [confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title"); Jeereddi A. Prasad, M.D., Inc. v. Investors Assocs., Inc., 82 F.Supp.2d 365, 371 (D.N.J. 2000) ("Absent any valid challenge to the arbitration award, this Court must grant Petitioner's motion and confirm the award.").

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant petitioner's motion to confirm the Arbitration Awards, (2) deny Patock's cross motion to vacate the Arbitration Awards, and (3) confirm the Arbitration Awards. The Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper  
       **MARY L. COOPER**  
       United States District Judge

Dated: March 10, 2009